IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Criminal No. 1:03cr34-1

JOHN J. HARLOW,

        Defendant.

## ORDER/OPINION

On the 26th day of August, 2005, came the defendant, John J. Harlow, in person and by his counsel, Brian Kornbrath, and also came the United States by its Assistant United States Attorney, Shawn Morgan, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on August 19, 2005, alleging defendant:

1) Violated Mandatory Condition No. 1 that he not commit another federal, state or local crime and that he not illegally posses a controlled substance; and

2) Violated Standard Condition No. 7 that he refrain from excessive use of alcohol and not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

The grounds for the above two alleged violations are as follows:

The defendant has been the target of a criminal investigation involving the distribution of cocaine base by the Harrison County Narcotics Task force from July 2005 to the present date. Task Force Agents have made a series of controlled purchases of cocaine base from the defendant which were captured by audio and video recorders.

1

3) Violated Standard Condition No. 2, that he report to the Probation Officer and submit a truthful and complete written report within the first five days of each month, in that he failed to submit monthly report forms for June and July of 2005, which were due to the Probation Office by July 5, 2005 and August 5, 2005, respectively.

4) Violated Standard Condition No. 6 that he notify the Probation Officer at least ten days prior to any change in residence or employment, in that his last known address was Rt. 5, Box 930, Salem, West Virginia, where Defendant lived with his parents. The Probation Officer spoke with the defendant's father on August 18, 2005. Defendant's father advised that the defendant has not been staying at this parents' address for the past four weeks. The defendant failed to report a change of address to the Probation Officer.

5) Violated Standard Condition No. 11 that he notify the Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer, in that on July 23, 2005, the defendant entered a residence located in Reynoldsville, West Virginia. At the time that the defendant arrived at the residence, Harrison County Narcotics Task Force Officers were inside the home executing a search warrant. The defendant was temporarily detained by the officer and questioned. The defendant failed to report this contact with law enforcement to the Probation Officer; and

6) Violated Special Condition No. 2 that he participate in a program of testing, counseling and treatment for the use of alcohol or drugs if so ordered by the Probation Officer, in that on June 24, 2005, the Probation Officer instructed the defendant to attend individual substance abuse counseling two times per month. The Probation Officer made a referral to Phoenix and Associates and the defendant was assigned to counselor Hilry Gordon. The defendant

failed to report for a scheduled counseling appointment with Ms. Gordon on August 15, 2005, at 6:00 p.m.

After determining Defendant had received, read, and had the opportunity to review and discuss the charges contained in the Petition for Warrant or Summons for Offender Under Supervision with his counsel, the Court proceeded to hear evidence presented by the United States in the form of the sworn testimony of Probation Officer Stacey Claxton and Sgt. Bob Cook of the Harrison County Drug Task Force. The Court also received and considered the Petition for Warrant or Summons for Offender Under Supervision filed by Ms. Claxton. The Court also admitted into evidence still photographs taken from video recordings of controlled buys as well as what was identified by Sgt. Cook as a pipe used for smoking crack.

Upon consideration of the evidence presented and in accord with the oral findings made by the Court on the record of the hearing, the Court finds there is probable cause to believe:

1. Defendant was on Supervised Release.
2. While on Supervised Release Defendant was the target of a criminal investigation involving the distribution of cocaine base in Harrison County, West Virginia, from the middle of July 2005, at least through the date of the Petition.
3. Pursuant to that investigation, members of the Harrison County Drug Task Force made several controlled buys from Defendant.
4. The above controlled buys were recorded by audio and video recorders.
5. Defendant failed to timely submit monthly reports to his Probation Officer for June and July of 2005.
6. The Probation Officer received the reports by mail on August 23, 2005.

7. Defendant's last known address was Rt. 5, Box 930 Salem, West Virginia, where he lived with his parents.

8. On August 18, 2005, Defendant's father advised the Probation Officer that Defendant had not lived at that address for approximately four weeks.

9. The June and July monthly reports, received August 23, 2005, each listed a different address for Defendant. Defendant had not notified the Probation Officer of any change of address.

10. Defendant did not notify his Probation Officer of the encounter with law enforcement officers on July 23, 2005.

11. Defendant failed to report for a scheduled substance abuse counseling session as arranged by his Probation Officer.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated conditions of his supervised release as alleged and numbered 1 through 6 in the Petition for Warrant or Summons for Offender Under Supervision filed August 19, 2005.

It is therefore

**ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on Violations numbered 1 through 6 of the Petition for Warrant or Summons for Offender Under Supervision filed August 19, 2005.

It is further

**ORDERED** that the defendant be remanded to the custody of the United States Marshal pending further proceedings herein.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED:   August 31, 2005

/s *John S. Kaull*
JOHN S.  KAULL
UNITED STATES MAGISTRATE JUDGE